**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRUNO F. PEREZ HOYOS,

     Petitioner,

                               Case No. 3:26-cv-636-TJC-MCR

v.

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

     Respondents.

---

**O R D E R**

Petitioner Bruno F. Perez Hoyos, a native of Mexico, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1; Petition). Federal Respondents filed a response (Doc. 5), and Petitioner replied. (Doc. 9). This case is ripe for review.

## I. Background

Petitioner entered the United States in 1995 at the age of 22 as a "Lawful Permanent Resident ('LPR'), Unmarried son, or daughter of a U.S. citizen." Response at 1. He is the father of three United States citizen children and argues that he has "deep, lasting roots in this country built over three decades." Reply at 2. Following his admission, Petitioner was arrested and convicted of several crimes. Response at 1. In 2001, he pleaded guilty to possession of cocaine in Texas. Id.; Exhibit 2. The state of Texas imposed a fine and recommended deferred

adjudication for two years; it is unknown whether any jail sentence was later imposed. Response Exhibit 2. In 2019, he was arrested in Broward County, Florida for possession of cocaine and battery causing bodily injury. Response at 2. He pled nolo contendere to these offenses—third-degree felony cocaine possession and misdemeanor domestic battery—and was sentenced to two years in Broward County Jail. Id. He was then served with a Notice to Appear charging him as removable for having been convicted of an aggravated felony and a controlled substance violation. Id. On November 13, 2024, an immigration judge ordered him removed to Mexico. Id. His order of removal is not yet final because he appealed it on December 10, 2024, and the appeal remains pending. Id.

On February 10, 2025, Immigration and Customs Enforcement (ICE) arrested Petitioner and determined he should remain detained without bond during the pendency of his removal proceedings. Id. He has been detained continuously since then "without a single bond hearing, without any individualized determination of whether he poses a flight risk or danger to the community, and with no end date in sight." Reply at 2. He recently filed a notice informing the Court that he was transferred to an ICE facility in California (Doc. 6), but his transfer does not affect the Court's jurisdiction over the case.[1]

---

[1] See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the

Petitioner argues that his detention of more than one year is unconstitutional because he has not had a meaningful opportunity to challenge its lawfulness. Petition at 6; Reply at 5 et seq. He seeks an individualized bond hearing so he can challenge the lawfulness of his detention, or if Respondents fail to provide an adequate hearing within 10 days, his immediate release from custody. Reply at 9.

Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because his removal order is not yet final, he has been convicted of offenses covered by the statute, and Demore v. Kim, 538 U.S. 510 (2003) requires his continued detention. Response at 6 et seq. Specifically, Respondents contend that his aggravated felony and controlled substances convictions trigger mandatory detention under § 1226(c). Id. (citing 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i)). Petitioner replies that Demore does not authorize detention of indefinite duration without any individualized review. Reply at 5.

## II. Analysis

As an initial matter, the Court rejects Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Petitioner's claims and that he failed to exhaust his administrative

---

prisoner's release."); Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

remedies prior to filing this case. See, e.g., Hernandez v. Lyons, No. 2:26-cv-1416-SPC-NPM, 2026 WL 1353228, at *1 (M.D. Fla. May 15, 2026) ("In Matter of Yajure Hurtado, the [Board of Immigration Appeals (BIA)] held that immigration judges have no authority to consider bond requests from noncitizens subject to mandatory detention. . . . The Court finds good cause to excuse exhaustion because the result appears predetermined under Yajure Hurtado.").

Regarding the merits of Petitioner's claims, Respondents are correct that Petitioner is properly detained under § 1226(c) because his cocaine possession convictions qualify as covered controlled substance convictions. See §§ 1226(c)(1)(B), 1227(a)(2)(B)(i) (requiring detention of "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana[.]"). Because this is sufficient to trigger detention under § 1226(c), the Court declines to address whether his felony conviction is considered "aggravated" under § 1227(a)(2)(A)(iii).

In Demore, the Supreme Court considered the constitutionality of mandatory detention under § 1226(c). "While Demore upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory

4

detention where the duration of the removal proceedings is unreasonably long or delayed." Sopo v. U.S. Attorney Gen., 825 F.3d 1199 (11th Cir. 2016).[2]

In Sopo, the Eleventh Circuit found "an implicit temporal limitation at which point the government must provide an individualized bond hearing to detained criminal aliens whose removal proceedings have become unreasonably prolonged." Id. at 1214. It adopted a case-by-case approach to determine when a noncitizen becomes entitled to a bond hearing. Id. at 1215. The court also outlined a non-exhaustive list of factors and noted "the factors that should be considered will vary depending on the individual circumstances present in each case." Id. at 1218. Four factors are relevant here.

A. How long Petitioner has been detained without a bond hearing

Petitioner has been detained since February 10, 2025 without a bond hearing. Petition at 6. "The need for a bond inquiry is likely to arise in the six-month to one-year window, at which time a court must determine whether the purposes of the statute—preventing flight and criminal acts—are being fulfilled, and whether the

---

[2] Sopo was vacated as moot two years later because the petitioner was deported. See Sopo v. U.S. Attorney Gen., 890 F.3d 952 (11th Cir. 2018) (Sopo II). But district courts continue to rely on the Sopo factors in analyzing detention under § 1226(c). See, e.g., S.C. v. Warden, Stewart Det. Ctr., No. 4:23-cv-64-CDL-MSH, 2024 WL 796541, at *4 (M.D. Ga. Jan. 5, 2024), report and recommendation adopted, 2024 WL 790377 (M.D. Ga. Feb. 26, 2024) ("Although Sopo was vacated and its constitutional avoidance rationale rejected by the Supreme Court in Jennings, most district courts in the Eleventh Circuit . . . have cited it as persuasive authority on due process claims for prolonged detention.").

government is incarcerating the alien for reasons other than risk of flight or dangerousness." Sopo, 825 F.3d at 1217. Because he has been detained well over one year, this factor strongly favors a bond hearing.

B. Whether it will be possible to remove Petitioner after a final order of removal

Petitioner was ordered removed to Mexico, a country that historically accepts repatriation of its emigres from the United States. Because this makes it more likely that Respondents will be able to remove him at the conclusion of his removal proceedings, this factor favors Respondents.

C. Why the removal proceedings have become protracted

There is no evidence that either side sought to improperly or unreasonably delay Petitioner's removal proceedings. Although Petitioner prolonged the proceedings by appealing his removal order to the BIA, he had every right to do so. Id. at 1218 ("We are not saying that aliens should be punished for pursuing avenues of relief and appeals."). Consequently, this factor is neutral.

D. Whether the time in ICE detention exceeds the prison sentence

In 2020, Petitioner was sentenced to two years in Broward County Jail for third-degree felony cocaine possession and misdemeanor domestic battery. Response at 2. It is unknown whether he was sentenced to any jail time for the earlier Texas conviction. Response, Exhibit 2. Petitioner's continued detention of

6

more than sixteen months is approaching, but has not yet surpassed, his two-year Florida jail sentence. Therefore, this factor favors Respondents.

### III. Conclusion

On balance, the <u>Sopo</u> factors require the Court to find Petitioner's detention lawful under § 1226(c). However, if Petitioner's immigration detention ultimately exceeds two years—thereby surpassing his two-year jail sentence—the factors will militate more in his favor, and he may file a new petition at that time.

Accordingly, it is hereby

**ORDERED**:

1. Bruno F. Perez Hoyos's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**. If Petitioner is still in ICE custody on **February 10, 2027**, he may file a new petition then (not in this case, but as a new case).

2. Respondent Warden, North Florida Detention Facility's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED as moot**.

3. The **Clerk of Court** shall **enter judgment** dismissing this case without prejudice and **close the file**.

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of June, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Bruno F. Perez Hoyos, A# 045-124-536
Central Valley Annex Facility
Warden, Frauheim; Unit B2-B-47
254 Taylor Ave.
McFarland, CA 93250